IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                                                                 CIV 06-50 WJ/KBM
                                                                                                               CR 04-1856 WJ

RICARDO RODRIGUEZ, aka
RICARDO RODRIGUEZ-VILLAGRANA,

    Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

       This matter is before the Court on Ricardo Rodriguez-Villagrana's self-styled motion under 28 U.S.C. § 2255, where he requests that the sentence following his guilty plea be set aside for, among other things, ineffective assistance of counsel in failing to file an appeal.  *See Doc. 1.* Having considered all of the pleadings and relevant law, I recommend that an evidentiary hearing be held on the failure to file an appeal claim, that counsel be appointed for Petitioner, and that the remaining claims be held in abeyance for now.  *See* Rule 8(c), *Rules Governing Habeas Corpus Under Section 2255.*

       Defendant was charged with illegal reentry after deportation following commission of an aggravated felony.  *See, e.g., United States v. Rodriguez,* CR 04-1856 WJ at Doc. 8.  He pleaded guilty but did not waive his right to appeal in the written agreement.  *See id.* at Doc. 13.  The presentence report assessed him with:  a base level of eight; an additional sixteen-level upward adjustment under § 2L1.2(b)(1)(A) for a prior conviction of a crime of violence; a three-level

reduction for acceptance of responsibility; and a criminal history category of "V." *See id* at Doc. 18 & Doc. 19. Under the Sentencing Guidelines, then, a level 21/V exposed Defendant to a potential sentence of 70-87 months. *See* U.S. SENTENCING GUIDELINES MANUAL ch. 5, pt. A (2004) (Sentencing Table).

Defendant's attorney requested a twelve-level downward departure under the Guidelines because the felony burglary conviction at issue was not violent or intentional, and was simply the result of drunken meandering. *United States v. Rodriguez,* CR 04-1856 WJ at Doc. 18 and Sentencing Transcript. He also requested that Judge Johnson exercise his discretion under *Booker* and sentence Defendant to a term of 18-24 months. *Id.* at Doc. 24.

Judge Johnson first determined what the applicable Guideline range would be and then determined what the appropriate sentence should be. *See id.* (Sentencing transcript at 4). He found that the offense level was properly calculated, the criminal history score should be lowered to a category IV, and that the applicable Guideline range was thus 57-71 months. He further found that a term of 57 months was appropriate under 18 U.S.C. § 3553, given Defendant's pattern of illegal entries, problems with the law and substance abuse. *See id.* at 22-27. Judgment was entered accordingly. *See id.* at Doc. 27.

In this *pro se* habeas proceeding, Defendant's motion was signed under penalty of perjury (though not notarized), and was obviously drafted with assistance. In the motion, Defendant asserts "that he told his counsel to appeal his sentence, due that he thought it was 'too much'" time. *Doc. 1* at 7. Rodriguez further avers that he "requested to appeal, and counsel 'neglected' his client's petition, and right." *Id.* at 9.

The United States responds that the two ineffectiveness claims are without merit and the

remaining three claims are procedurally-defaulted because they were not raised in direct appeal. *See Doc. 5.* The government contends that defense counsel, William Parnall, was not ineffective in failing to file an appeal because Defendant specifically "told him not to do so." *Id.* at 7. Mr. Parnall's affidavit, which is attached to the response, provides in part that

> prior to the filing of the Judgment and Commitment, Mr. Rodriguez contacted counsel at counsel's request, to discuss the issue of appeal and to determine what Mr. Rodriguez' desires were in that regard. I explained that, though I did not think Judge Johnson would increase Petitioner's sentence if he appealed, it would indeed be possible for the District Court on remand, to re-evaluate the downward departure. I also feared that, if the sentence were appealed, the downward departure might be overturned by the Tenth Circuit. On February 24th, 2005, Mr. Rodriguez' (sic) asked me, in Spanish, whether I could guarantee that his sentence would not be increased if he appealed. I replied, in Spanish, that I could not give him that guarantee. He then informed me that he did not want to file an appeal. It therefore did not file a notice of appeal.

*Id.,* Exhibit 1. at ¶ 3.

In general, a Defendant who does not raise an issue on direct appeal will be later barred from doing so in a § 2255 proceeding unless he shows either a "fundamental miscarriage of justice" or "cause and prejudice." *E.g., United States v. Cox,* 83 F.3d 336, 341 (10th Cir. 1996). The first exception is unavailable to Rodriguez because there is no contention that he is factually innocent. *E.g., United States v. Salazar,* 323 F.3d 852, 855 (10th Cir. 2003).

As to the second "cause and prejudice" exception, a defendant must first show "some objective factor external to the defense and not attributable to a defendant." *Salazar,* 323 F.3d at 855. "Of course, cause may be shown by ineffective assistance of trial or appellate counsel." *Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 491-92 (1986)); *see also Massaro v. United States,* ___ U.S. ___, 123 S. Ct. 1690, 1694 (2003) ("an ineffective-assistance-of-counsel claim may be

3

brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"); *United States v. Cook,* 45 F.3d 388, 392 (10th Cir. 1995) ("A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment.").

Ineffective counsel claims are generally evaluated under a two-prong test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). However, when alleged ineffectiveness is for failing to file an appeal, the Supreme Court's decision in *Flores-Ortega* governs the analysis. Under that decision

> [a]ssuming [that the Defendant's] allegations are true, counsel's deficient performance has deprived respondent of more than a *fair* judicial proceeding; that deficiency deprived respondent of the appellate proceeding altogether. . . . [D]enial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a ***presumption of prejudice***.

*Roe v. Flores-Ortega,* 528 U.S. 470, 483 (2000).

Thus, if counsel "disregard[ed] specific instructions to perfect a criminal appeal," the merits of the issues Defendant wants to raise in an appeal are immaterial on the "prejudice" prong of the analysis. *Id.; see also United States v. Garrett,* 402 F.3d 1262, 1266 (10th Cir. 2005); *United States v. Snitz,* 342 F.3d 1154, 1156 (10th Cir. 2003). If "counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega,* 528 U.S. at 478.

As decisions of this district have held on several occasions:

> What was said is in dispute. [Defendant] alleges that he requested his attorney to file an appeal and his attorney contends that the

4

> [Defendant] instructed him not to pursue an appeal. [Defendant's] assertion is colorable on its face although it is controverted by counsel's equally credible affidavit. Therefore, I believe an evidentiary hearing following appointment of counsel is warranted under these circumstances. *See De la Rosa v. United States*, CIV 03-599 MCA/KBM.

*United States v. Alvarez-Perez,* CIV 04-384 BB/ACT (*Doc. 6* at 3); *see also Bodenheimer v. United States,* CIV 04-196 MCA/KBM (*Doc. 9* at 8), *conviction aff'd in subsequent appeal,* 2006 WL 979302 (10th Cir. 4/14/06) (same).

If a Defendant prevails on the ineffectiveness for failure to appeal claim, his remedy calls for the court to vacate the judgment and sentence, immediately reenter it, and allow Petitioner to take a direct appeal. *See Garrett,* 402 F.3d at 1266-67; *Snitz,* 342 F.3d at 1159. On the other hand, "[i]f the defendant cannot demonstrate that, but for counsel's deficient performance, he would have appealed, counsel's deficient performance has not deprived him of anything, and he is not entitled to relief." *Flores-Ortega*, 528 U.S. at 484.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the Federal Public Defender be appointed to further represent Petitioner in this matter.

**IT IS FURTHER RECOMMENDED** that upon entry of appearance, counsel for Defendant and counsel for the United States confer to ascertain whether the matter can be resolved informally and, if not, inform the Magistrate Judge of appropriate dates for the evidentiary hearing and/or briefing schedule.

5

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE